**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:14-CV-227-CHL**

**GALE PARRISH,**                                                                          **Plaintiff,**

**v.**

**DOLLAR GENERAL CORPORATION,**                              **Defendant.**

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTIONS IN LIMINE**

This case is set for trial by jury before the United States Magistrate Judge on February 29, 2016. The final pretrial conference is set for February 25, 2016. Defendant Dollar General Corporation ("Dollar General") has filed a number of motions in limine. All are ripe for review and will be addressed in the instant memorandum opinion and order. Plaintiff Gale Parrish ("Parrish") has also filed a number of motions in limine; such motions will be decided by separate memorandum opinion and order.

**Background**

A brief summary of the factual allegations underlying this case will help to put Dollar General's motions in context. This is a slip and fall case. Parrish alleges that on October 15, 2013, while shopping with her friend at a Dollar General store on Dixie Highway in Louisville, Kentucky, she tripped over a small foot stool that was negligently left in the aisle by Dollar General employees. Parrish claims that she fell to the floor and hit her head and was later taken by emergency medical providers to University of Louisville Hospital. Parrish alleges that she "underwent conservative rehabilitation" for over two months following the fall. (DN 75 at 1.) Parrish claims damages of $29,967.04 in past medical expenses and $60,000 for pain and suffering, for a total of $89,967.04. (DN 85.)

Dollar General disputes that a fall occurred as described by Parrish and that it failed to maintain its premises in a reasonably safe condition. However, it does not dispute "that [Parrish] ended up on the floor and that she claimed to have sustained a fall[.]" (DN 76.) Further, Dollar General concedes that Parrish was taken by ambulance to the hospital, but it disputes that any medical treatment received by Parrish was reasonable and/or necessary. (*Id.*)

## Discussion

**A. Dollar General's Omnibus Motion in Limine (DN 78)**

Dollar General has submitted a single filing (DN 78) that contains five motions in limine. Parrish has not filed a response to any of the motions contained in DN 78. Each motion therein is addressed below.

### 1. Motion to exclude evidence regarding insurance

First, Dollar General requests that the Court exclude any and all evidence regarding the availability of liability insurance, or lack thereof. It argues that such evidence is inadmissible pursuant to Rules 401, 402, and 411 of the Federal Rules of Evidence ("FRE") because such evidence is inadmissible to prove liability and is irrelevant to prove any other fact in issue. It further argues that to the extent that evidence of liability insurance has any probative value, which it denies, any reference thereto would be extremely prejudicial to Dollar General, and therefore, such evidence should be excluded pursuant to FRE 403.

FRE 411 provides as follows:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Fed. R. Evid. 411. By its terms, FRE 411 prohibits Parrish from introducing evidence that Dollar General was or was not insured against liability in order to prove whether Dollar General acted negligently or wrongfully. The fact that Parrish has not responded to this motion indicates to the Court that she does not intend to raise the issue of insurance to prove that Dollar General acted negligently or for any other reason.

Accordingly, based on the foregoing, Dollar General's motion (DN 78) is GRANTED.

### 2. Motion to exclude evidence regarding parties' financial condition

Second, Dollar General moves the Court to exclude evidence and testimony regarding a party's financial condition. It argues that such evidence is inadmissible under Kentucky law, and further, that such evidence is irrelevant pursuant to FRE 401, 402, and 403.

Pursuant to longstanding Kentucky law, evidence of Dollar General's financial condition is inadmissible. *See Hardaway Mgmt. Co. v. Southerland*, 977 S.W.2d 910, 916 (Ky. 1998) ("It has been the law of this Commonwealth for almost one hundred years that in an action for punitive damages, the parties may not present evidence or otherwise advise the jury of the financial condition of either side of the litigation.") (internal citations omitted); *see id*. at 916 n.2 (noting that this is the minority rule). As this parenthetical quote from *Hardaway Management* suggests, this rule is typically cited in cases in which plaintiffs claim punitive damages, which Parrish does not seek here. However, the rule is not limited to such cases. *See, e.g.*, *Sand Hill Energy, Inc. v. Smith*, 142 S.W.3d 153, 167 (Ky. 2004) ("[O]ur predecessor court stated that 'we are clearly of the opinion that no evidence as to the financial condition of either defendant or plaintiff should be admitted in any case in which punitive damages might be recovered . . . .'") (quoting *Givens v. Berkley, Ky.*, 56 S.W. 158, 159 (1900)); *but see Hardaway Mgmt.*, 977

S.W.2d at 916 ("The same rule applies in cases where punitive damages are not sought.") (citing *Dawson v. Shannon*, 9 S.W.2d 998 (Ky. 1928)). Moreover, Dollar General's financial condition is irrelevant in this action. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").[1]

For the foregoing reasons, Dollar General's motion to exclude evidence and testimony regarding a party's financial condition is GRANTED.

### 3. Motion to exclude certain evidence regarding medical expenses

Third, Dollar General requests that Parrish and her lay witnesses be prohibited from testifying regarding the amount of medical expenses that Parrish incurred as a result of her alleged fall, unless a physician testifies that such medical care and treatment were related to the alleged fall and that the associated expenses were reasonable and medically necessary. Dollar General argues that Parrish, Parrish's family members, and other lay witnesses are not qualified to give opinions regarding medical expenses incurred in this case or regarding the relationship between those expenses and Dollar General's alleged negligence. Dollar General contends that permitting such testimony would effectively allow lay witnesses to substitute their judgment for that of a medical professional.

As Dollar General points out, "[t]he general rule of damages is that *necessary and reasonable* expenses for medical services may be recovered in a suit for personal injuries." *Langnehs v. Parmelee*, 427 S.W.2d 223, 224 (Ky. App. Ct. 1967) (citing 25 C.J.S. Damages §

---

[1] The Court declines to analyze this motion in light of FRE 403, as requested by Dollar General. An assessment of the probative and/or prejudicial value of evidence of financial condition would only be speculative at this juncture. Moreover, there is sufficient basis to grant the motion on other grounds.

47(2), p. 761; 22 Am.Jur.2d Damages, sec. 102, p. 149). "[T]he reason for allowing such recovery is that the services are reasonably calculated to have been remedial of the injuries." *Id.*

While mindful of the standard set forth above, without more specific proposed evidence to assess, it would be improper to grant Dollar General's motion at this juncture. These issues are more properly raised at trial. Dollar General will be free to move to prohibit specific testimony on these issues if it is offered by Parrish. The Court will adhere to the confines of FRE 701 on opinion testimony by lay witnesses and FRE 702 on testimony by expert witnesses. Specifically, any testimony by Parrish and other lay witnesses regarding medical expenses, their reasonableness, or their relation to Parrish's alleged fall, will be evaluated pursuant to FRE 701 and 702.

Accordingly, this motion is DENIED WITHOUT PREJUDICE.

**4. Motion to limit testimony of Parrish's expert to contents of his report**

Fourth, Dollar General moves to prohibit Parrish's retained expert from testifying beyond the scope of his expert report. (DN 37, 37-2, Amended Expert Witness Disclosure and attached report of Chad A. Walters, D.O.) Dollar General points to Rules 26(a)(2)(B) and 26(e)(1) and case law in arguing that only opinions that are included in an expert's report may be offered at trial and that bases for an expert's opinion that are not included in his or her report may not be offered at trial.

For any retained expert, a party must produce to opposing parties an expert report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Additionally, the party that has retained such expert has an ongoing "duty to supplement extend[ing] both to information

included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2).

Dollar General does not offer any context for its motion. It does not offer any specific information as to how Parrish's retained expert might stray from the confines of his expert report. This is likely because, as Dollar General notes, Parrish's retained expert, Chad A. Walters, D.O., produced a relatively short report and has not been deposed in this case.[2] As with Dollar General's motion regarding medical expenses, which is addressed above, Dollar General has not provided the Court with sufficient information to allow a ruling that would summarily limit Dr. Walters's testimony at this time. The Court will adhere to and apply Rule 26 and the Federal Rules of Evidence as they relate to permissible expert testimony. At trial, the Court will entertain any specific objections by Dollar General in relation to the scope of Dr. Walters's testimony.

Accordingly, Dollar General's motion to limit the scope of Parrish's retained expert's testimony is DENIED WITHOUT PREJUDICE.

### 5. Motion to exclude certain photos taken by Parrish

Finally, Dollar General moves to exclude certain photographs that were apparently taken by Parrish's counsel during an inspection of the store premises in conjunction with this litigation. Dollar General contends that whereas Parrish testified at her deposition that she did not recall on what item she tripped, Parrish's friend, Patricia Ferrell provided deposition testimony that Parrish tripped on a foot stool or basket and some other items that were on the floor, and that store manager Edward Gantt provided deposition testimony that at the time of the fall, Ferrell

---

[2] The Court notes that on February 12, 2016, Parrish served a notice to take the video deposition of Dr. Walters. Such deposition is to take place on February 26, 2016, three days before the February 29, 2016 trial date.

told him that Parrish fell on a stool. (DN 78 at 5-6.) Further, Dollar General contends, Parrish testified at her deposition that she did not recall in which aisle she fell, whereas Ferrell and Gantt identified the same photo as the aisle where Parrish fell. (*Id.* at 6-7; DN 83-1.)

Dollar General avers that during the inspection of the store premises, Parrish's counsel took numerous photographs throughout the store; Dollar General has provided the Court with some 69 such photographs. (DN 83-2.) Dollar General contends that Parrish's counsel moved throughout the store, taking photographs of anything that could potentially be involved in a slip and fall, including cracks in the concrete floor and boxes of merchandise sitting in aisles. Dollar General further states that Parrish's counsel moved a black stool similar to that described by Ferrell, taking photographs of the stool in various locations throughout the store, and not confining such photos to the aisle identified by Ferrell and Gantt.

Dollar General contends that admission at trial of the photographs taken by Parrish's counsel would be improper, as such photographs are irrelevant, and that even if they were relevant, the prejudicial impact to Dollar General of their admission would outweigh their probative value. The Court agrees. The Court cannot imagine how the photographs, if taken under the circumstances described by Dollar General, could be relevant to Parrish's claims. Moreover, even if they were relevant, the prejudicial impact to Dollar General would likely far outweigh the probative value to Parrish. Finally, the absence of a response by Parrish to this motion indicates that it is unopposed.

Accordingly, Dollar General's motion to exclude the photographs (DN 83-2) taken by Parrish's counsel at an inspection of the store premises is GRANTED.

### B. Dollar General's Motion to Exclude Testimony of Myra Offutt and LaQuita Sellers (DN 79)

Dollar General has moved (DN 79) to prohibit Myra Offutt and LaQuita Sellers from testifying at trial. Offutt and Sellers are Parrish's daughters. Parrish has not filed a response. The Court will address each witness separately.

#### 1. LaQuita Sellers

First, Dollar General seeks to exclude any testimony from LaQuita Sellers. Parrish identified Sellers as a witness in her responses to Dollar General's discovery requests. (DN 79-1 at 6.) Parrish stated therein that "Ms. Sellers is expected to testify to the Plaintiff's behavior/character prior to the fall [and] to injuries and hardships." (*Id.*) Dollar General represents that its counsel attempted to serve Sellers with a deposition subpoena, but that its efforts were unsuccessful because the address provided by Parrish for Sellers was incorrect. (DN 79 at 3.) Dollar General then filed a motion to exclude Sellers's testimony (as well as the testimony of Parrish's son, Corey Offutt). (*See* DN 54.) The Court denied this motion as moot (DN 82) in light of Parrish's counsel's agreement to remove Sellers from Parrish's list of trial witnesses. (*See* DN 58 at 2.)

As Parrish has already agreed to remove Sellers from her witness list, and as this Court has already denied as moot Dollar General's previous motion to exclude Sellers's testimony, to the extent that Dollar General again seeks in DN 79 to exclude Sellers, such request is DENIED AS MOOT.

#### 2. Myra Offutt

Second, Dollar General seeks to exclude the testimony of Parrish's other daughter, Myra Offutt. Parrish did not identify Offutt as a potential witness in either her initial disclosures or in

8

her responses to Dollar General's interrogatories. (*See* DN 12, DN 79-1.) In response to Dollar General's counsel's emailed inquiries regarding potential witnesses, Parrish's counsel stated that Parrish "has another daughter, Myra [Offutt], who also did not see her fall or otherwise witness this incident. She **may** have come up to Dollar General at some point, but she would not have been present during the fall that is the subject of this action." (DN 79-3.) Dollar General's counsel then requested names and addresses of any additional witnesses whom Parrish intended to call at trial, including, but not limited to, Offutt, in order to depose such individuals. (DN 79-4.) Parrish never provided contact information for Offutt or otherwise scheduled her for a deposition.

Later, Parrish filed supplemental disclosures pursuant to Rules 26(a)(1) and 26(e). She identified Offutt as a witness, stating as follows:

> Myra is the Plaintiff's daughter and is expected to testify as to the Plaintiff's behavior and character before and after the subject fall as well as the hardships and injuries she has witnessed. Additionally, Myra came to the scene of the fall shortly after the subject fall and is expected to testify as to his [sic] observations of the scene and the Plaintiff at the time.

(DN 65 at 6.) Dollar General argues that Parrish should be prohibited from offering the testimony of Offutt because Parrish failed to identify Offutt in her initial disclosures or in her answers to Dollar General's interrogatories. Moreover, Dollar General contends, Parrish did not provide Offutt's contact information to Dollar General or otherwise schedule her for a deposition, despite having knowledge of Dollar General's desire to depose all family members and other witnesses who may have come to the scene of the alleged fall.

Again, Parrish has not filed a response in opposition to Dollar General's motion to exclude Offutt. Additionally, despite what appears to be a concerted effort by Dollar General to

9

obtain a complete witness list and contact information from Parrish, as well as clear communication by Dollar General of its desire to depose Parrish's family members and any other witnesses who purportedly came to the Dollar General store after Parrish's alleged fall, Parrish delayed in even identifying Offutt as a potential witness, and ultimately failed to provide her contact information. For these reasons, the Court concludes that assuming that Offutt's proposed testimony is relevant, were she to testify at trial, it would be unfairly prejudicial to Dollar General. As Parrish failed to respond to Dollar General's motion to exclude Offutt or otherwise demonstrate in its filings the probative value of Offutt's anticipated testimony, the Court must conclude that the prejudicial effect to Dollar General of permitting Offutt to testify substantially outweighs any probative value to Parrish. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . .").

Accordingly, to the extent that it seeks exclusion of Myra Offutt's testimony, Dollar General's motion (DN 79) is GRANTED.

### C. Dollar General's Motion to Exclude Testimony of Sharonda Askew (DN 80)

#### 1. The Motion and Response

Finally, Dollar General moves the Court (DN 80) to exclude the testimony of another of Parrish's expected witnesses, Sharonda Askew. Parrish filed a response in opposition. (DN 84.) In the original scheduling order entered in this case on July 18, 2014, the Court stated as follows: "The parties are hereby informed that no witness not previously disclosed as one likely to have discoverable information under Fed. R. Civ. P. 26(a)(1)(A)(i) . . . shall be allowed on the final witness and exhibit list, unless the failure was substantially justified or is harmless." (DN 15 at ¶

1; *see id.* ("The parties are under a continuing duty to supplement their disclosures and responses as required by Rule 26(e) whenever necessary during the entire course of this litigation. Supplementations shall be made within thirty days of first learning of the need to supplement, but no later than thirty days prior to the end of discovery.").

In her Rule 26(a)(1) initial disclosures, filed on May 13, 2014, Parrish identified "[a]gents, employees, and/or representatives of Defendant Dollar General Corporation" as among "persons likely to have discoverable information." (DN 12.) Later, in response to interrogatories propounded by Parrish, Dollar General identified Askew as among the employees who worked on the day of Parrish's alleged fall. (DN 80 at 5.) The deadline for completion of discovery in this case was extended multiple times, with the final deadline passing on June 1, 2015. (*See* DN 43.) Therefore, pursuant to the original scheduling order (DN 15), the final deadline for supplementations of Rule 26(e) disclosures passed, at the latest, thirty days earlier, on May 1, 2015. Dollar General alleges that it was not until months later that Parrish supplemented her Rule 26(a)(1) initial disclosures to include Askew. On January 29, 2016, Parrish filed "Supplemental Rule 26(a)(1) Disclosures," for the first time including Askew on her witness list. (DN 65 at 7 ("Ms. Askew was an employee at the subject Dollar General the day of the fall and is believed to have knowledge relating to the circumstances of the fall and/or Dollar General policies and procedures.").)

Finally, on February 8, 2016, Parrish filed a document styled, "Plaintiff's Supplemental Witness and FRCP 26(a)(1) Disclosure." (DN 71.) Therein, Parrish states that she had "obtained" "further knowledge of the witness" and provides a lengthier description of Askew's anticipated testimony. (DN 71 at 1.) Parrish states that Askew was employed by Dollar General

11

on the date of Parrish's alleged fall; that she was not working at the time of the alleged fall but was advised of it when she arrived for her next shift; that in conjunction with her employment, she used a black stool similar to that on which Parrish allegedly fell; that she was trained as to the importance of leaving such stools behind registers or in the manager's office rather than leave them in the aisles as they were hazards and posed a risk to customers; that there "were always incidents happening" at the store in question, including slip and fall injuries; and that one such slip and fall occurred when an ice cream machine was broken and a customer "fell on his head after slipping on ice cream." (DN 71 at 1-2.)

In its motion (DN 80), Dollar General contends that Parrish should not be permitted to use Askew as a witness at trial because Parrish failed to disclose her as a witness within the deadline established by the Court, and that her failure to do so was not "substantially justified or harmless." (*See* DN 15 at ¶ 1 (stating that witnesses not previously disclosed under Rule 26(a)(1)(A)(i) shall be allowed on the final witness list "unless the failure was substantially justified or is harmless".)) Further, Dollar General argues that if Askew is permitted to testify, she should be precluded from offering testimony regarding other "incidents" that were always occurring at the Dollar General store, as well as the alleged slip and fall due to the broken ice cream machine. Dollar General contends that the description of other "incidents" is so vague as to constitute "bald character evidence" that is inadmissible pursuant to FRE 404 and fails to satisfy the balancing test under FRE 403. (DN 80 at 8-9.) Accordingly, Dollar General requests that if the Court allows Askew to testify, that she be prohibited from testifying other incidents at the store, including slip and fall incidents, and in particular, the ice cream incident. (*Id.* at 9.)

Parrish responds (DN 84) that Dollar General has had knowledge of Askew being a potential witness since the outset of the litigation, and thus, its surprise is feigned. Parrish further contends that it actually disclosed its inclusion of Askew as a potential witness much earlier than Dollar General reports. With respect to Dollar General's argument that Askew's anticipated testimony amounts to prohibited "prior bad acts," Parrish argues that such testimony is admissible under the exceptions listed in FRE 404. Specifically, Parrish contends that testimony regarding other slip and fall incidents at the store are admissible to show prior knowledge or notice by Dollar General of hazardous conditions. (DN 84 at 7-8.)

### 2. Analysis

As to the first issue raised by Dollar General, the Court concludes that Parrish may call Askew as a witness at trial. While the Court is somewhat sympathetic to Dollar General's protests regarding Parrish's belated supplemental disclosure of Askew as a potential witness, Dollar General had ample reason to anticipate that Parrish may wish to call Askew to testify at trial. Dollar General's own answers to interrogatories were the source of Parrish's information regarding Askew's existence and possible relevance to this case. Moreover, Dollar General's claim that Parrish neglected to provide it with Askew's contact information rings hollow, as Dollar General surely had an equal, if not greater, ability than Parrish to obtain contact information regarding its own former employee. The parameters of Rule 26 regarding initial disclosures and supplementation of discovery responses, as well as the Court's scheduling orders, must be adhered to by all parties to civil litigation. However, for the foregoing reasons, the court concludes that any failure by Parrish to disclose her intention to use Askew as a witness in this trial was harmless.

However, Dollar General's arguments regarding the anticipated content of Askew's testimony carry more weight. Pursuant to FRE 404, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at (b)(2). Rule 404(b)'s prohibitions regarding character evidence apply equally to civil and criminal matters. Fed. R. Evid. 404 advisory committee's 2006 note. Parrish contends that Askew's proposed testimony regarding prior incidents, including the ice cream-related slip and fall, is admissible to provide knowledge or notice.

Askew will not be permitted to testify generally that there "were always incidents happening" at the Dollar General store. (DN 71 at 2.) Nor will she be permitted to testify regarding the ice cream-related slip and fall. "Generally, where negligence is in issue, *prior* complaints to a defendant concerning an allegedly hazardous condition are admitted as being probative of the defendant's knowledge. This knowledge, in turn, then operates as a standard against which can be tested the reasonableness of the defendant's conduct with regard to the allegedly hazardous condition." *Julander v. Ford Motor Co.*, 488 F.2d 839, 846 (10th Cir. 1973). Nothing in Parrish's disclosure regarding Askew's anticipated testimony indicates that Askew would testify that Dollar General had knowledge of the allegedly hazardous condition that led to Parrish's alleged fall, *i.e.*, the presence of a stool in the aisle. That is, Parrish states that Askew would testify regarding the *generally* hazardous conditions of the store; the fact that other slip and falls had occurred in the past; and as to someone once falling due to a broken ice

14

cream machine. None of these areas of testimony would be probative of Dollar General having knowledge of the allegedly hazardous conditions that led to *Parrish's* fall. The sole specific incident mentioned by Parrish, that involving a broken ice cream machine, is dissimilar to the footstool (or possibly a footstool combined with merchandise on the floor) on which Parrish allegedly tripped. *See, e.g.*, *Pettyjohn v. Kalamazoo Ctr. Corp.*, 868 F.2d 879 (6th Cir. 1989) (concluding that trial court improperly admitted testimony regarding a hotel shower slip and fall that was factually distinguishable from the plaintiff's slip and fall; because the prior accident did not occur at the same place or involve the same cause, it was inadmissible to prove either negligence or notice of a dangerous condition).

In this case, Askew's potential testimony, as described by Parrish, is insufficiently specific or similar to the circumstances surrounding Parrish's alleged fall to be probative of Dollar General's notice of dangerous conditions. Moreover, any probative value that the testimony may have is substantially outweighed by undue prejudice to Dollar General and potential confusion of the issues. *See* Fed. R. Evid. 403. Should any further questions be raised regarding Askew's testimony at trial, the Court will evaluate such issues pursuant to FRE 404 and the other Federal Rules of Evidence.

For the foregoing reasons, Dollar General's motion to exclude the testimony of Sharonda Askew (DN 80) is GRANTED IN PART and DENIED IN PART. The motion is DENIED insofar as it seeks to prohibit Askew from testifying at trial. The motion is GRANTED insofar as it seeks to prohibit Askew from providing testimony regarding the ice cream-related slip and fall or general statements as to incidents.

# ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

(A) Dollar General's omnibus motion in limine (DN 78) is GRANTED IN PART and DENIED IN PART.

    (1) Dollar General's motion to exclude evidence regarding liability insurance is GRANTED.

    (2) Dollar General's motion to exclude evidence of a party's financial condition is GRANTED.

    (3) Dollar General's motion to prohibit lay testimony regarding medical expenses is DENIED WITHOUT PREJUDICE.

    (4) Dollar General's motion to limit the scope of Parrish's retained expert's testimony is DENIED WITHOUT PREJUDICE.

    (5) Dollar General's motion to exclude photographs taken by Parrish's counsel at an inspection of the store premises is GRANTED.

(B) Dollar General's motion to exclude the testimony of Myra Offutt and LaQuita Sellers (DN 79) is GRANTED IN PART and DENIED AS MOOT in part.

    (1) The motion is GRANTED as it relates to Myra Offutt. Parrish will not be permitted to offer testimony from Myra Offutt.

    (2) The motion is DENIED AS MOOT as it relates to LaQuita Sellers. The parties have already agreed that Sellers would be removed from Parrish's witness list – and the Court previously noted their agreement.

      (C)    Dollar General's motion to exclude the testimony of Sharonda Askew (DN 80) is GRANTED IN PART and DENIED IN PART.

      (1)    The motion is DENIED insofar as it requests that Askew be prohibited from testifying altogether.

      (2)    The motion is GRANTED insofar as it requests that Askew be prohibited from providing testimony regarding the ice cream-related slip and fall and general statements as to incidents.

cc:  Counsel of record